IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | |
|---|---|
| BRENDAN BRADLEY | NO. |
| vs. | |
| LIBERTY MUTUAL INSURANCE COMPANY and WAUSAU BUSINESS INSURANCE COMPANY | TRIAL BY JURY OF TWELVE DEMANDED |

## COMPLAINT

### Parties

1. Plaintiff, BRENDAN BRADLEY, is an adult individual residing at 601 Main Street, Hulmeville, Bucks County, Pennsylvania.

2. Defendant, LIBERTY MUTUAL INSURANCE COMPANY, is a corporation authorized to transact insurance business in the Commonwealth of Pennsylvania with its principal place of business and home office at 175 Berkeley Street, Boston, Suffolk County, Massachusetts.

3. Defendant, WAUSAU BUSINESS INSURANCE COMPANY, is a corporation authorized to transact insurance business in the Commonwealth of Pennsylvania with its principal place of business and home office at 2000 Westwood Drive, Wausau, Marathon County, Wisconsin.

4. At all times relevant hereto, defendant, WAUSAU BUSINESS INSURANCE COMPANY, and defendant, LIBERTY MUTUAL INSURANCE COMPANY, were related and/or

associated companies and defendant, LIBERTY MUTUAL INSURANCE COMPANY, was the parent company of WAUSAU BUSINESS INSURANCE COMPANY and was acting on its behalf in connection with all matters relating hereto.

### Nature of the Case

5. Plaintiff brings this action for monetary damages against LIBERTY MUTUAL INSURANCE COMPANY and WAUSAU BUSINESS INSURANCE COMPANY (hereinafter "LIBERTY MUTUAL") for breach of contract (Count I) as a consequence of LIBERTY MUTUAL'S failure to pay underinsured motorist benefits arising out of a motor vehicle accident which occurred in Montgomery County on November 11, 2008 and for violation of the Bad Faith provisions of 42 Pa. C.S. §8371 (Count II) as a consequence of LIBERTY MUTUAL'S conduct in the handling of plaintiff's claim for underinsured motorist benefits arising out of the motor vehicle accident which occurred in Montgomery County on November 11, 2008.

### Jurisdiction and Venue

6. Jurisdiction is invoked pursuant to 28 U.S.C. Section 1332, based on diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of One Hundred Fifty Thousand and No/100 ($150,000.00) Dollars.

7. Venue is properly within the United States District Court for the Eastern District of

Pennsylvania pursuant to 28 U.S.C. Section 1391 since the situs of the underlying motor vehicle accident is Montgomery County, Pennsylvania and defendant, LIBERTY MUTUAL, transacts substantial business within the Eastern District of Pennsylvania.

### Factual Background

8. On or about November 11, 2011, plaintiff, BRENDAN BRADLEY, was involved in a motor vehicle accident in which he sustained serious personal injuries and other losses caused by the conduct of a drunk driver, Frank Wolos, whose vehicle was insured by State Farm Insurance Company.

9. By terms of insurance policy #ASK-Z91-447067-058 issued by WAUSAU BUSINESS INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, provided automobile insurance coverage for plaintiff in accordance with the provisions of the Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et seq, which policy of insurance was in full force and effect on June 21, 1994 (Exhibit "1").

10. Said policy of automobile insurance included medical expense benefits of $1,000,000.00 and underinsured motorist benefits of $1,000,000.00 (Exhibit "1").

11. By correspondence dated June 29, 2011, the undersigned notified LIBERTY MUTUAL of plaintiff's intention to pursue an underinsured motorist claim in connection with the motor

vehicle accident of November 11, 2008 and requested consent to settle with State Farm Insurance Company and their insured, Frank Wolos (Exhibit "2").

12. By correspondence dated August 5, 2011, LIBERTY MUTUAL granted plaintiff's consent to settle an authorization to accept State Farm's liability limits of $100,000.00 (Exhibit "3").

13. By correspondence dated August 2, 2011, Elizabeth Lavin of LIBERTY MUTUAL requested that the undersigned "forward a copy of Mr. Bradley's damages as soon as possible for review" (Exhibit "4").

14. By correspondence dated August 17, 2011, the undersigned provided Elizabeth Lavin of LIBERTY MUTUAL with a comprehensive settlement demand letter and supporting documentation, a copy of which letter (without enclosures) is attached hereto (Exhibit "5").

15. Over the next few months, LIBERTY MUTUAL requested that plaintiff execute several authorizations, and in response to these requests, authorizations were promptly executed and returned to LIBERTY MUTUAL.

16. By correspondence dated November 14, 2011, the undersigned provided Elizabeth Lavin of LIBERTY MUTUAL with a copy of a Notice of Award from the Social Security Administration approving plaintiff for Social Security disability benefits (Exhibit "6").

17. By correspondence dated November 14, 2011, the undersigned also provided Elizabeth Lavin

of LIBERTY MUTUAL with a detailed evaluation from Verzilli Consulting Group, Inc. documenting plaintiff's economic losses between $660,981.00 and $1,100,038.00 (Exhibit "6").

18. By correspondence dated November 28, 2011, the undersigned confirmed a telephone conversation with Elizabeth Lavin of LIBERTY MUTUAL confirming her receipt of the Social Security award and economic report of Verzilli Consulting Group, Inc. (Exhibit "7").

19. By correspondence dated January 9, 2012, the undersigned provided Elizabeth Lavin of LIBERTY MUTUAL with a copy of a narrative report of plaintiff's treating ENT specialist, John T. Gallagher, M.D., once again confirming his opinion that plaintiff's loss of taste and smell was attributable to the motor vehicle accident of November 11, 2008 and there was minimal likelihood of any improvement (Exhibit "8").

20. Over the next three months, the undersigned made followup calls to Elizabeth Lavin of LIBERTY MUTUAL on multiple occasions requesting a response to plaintiff's settlement proposal, and yet, no calls were ever answered.

21. By correspondence dated March 8, 2012, the undersigned advised Elizabeth Lavin of LIBERTY MUTUAL of plaintiff's intention to commence legal action against LIBERTY MUTUAL for recovery of plaintiff's UIM benefits and plaintiff's intention to commence a

separate legal action against LIBERTY MUTUAL for bad faith in the handling of plaintiff's UIM claim unless LIBERTY MUTUAL provided a meaningful response to plaintiff's settlement demand which had remained outstanding for approximately seven months (Exhibit "9").

22. To date, LIBERTY MUTUAL has made no settlement offer whatsoever.

## COUNT I
## Breach of Contract

23. Plaintiff incorporates by reference the averments of paragraphs 1 through 22, supra, as fully as though the same were set forth herein at length.

24. Under the relevant terms of the insurance policy attached hereto as Exhibit "1," disputes as to value may be arbitrated, only if both parties agree to arbitration, and in this case, both parties have not agreed to arbitration.

25. In the absence of an agreement by both parties to arbitrate the UIM claim, plaintiff now asserts his claim for underinsured motorist benefits in this civil action.

WHEREFORE, plaintiff, BRENDAN BRADLEY, hereby demands that judgment be entered in favor of plaintiff and against defendants, LIBERTY MUTUAL INSURANCE COMPANY and WAUSAU BUSINESS INSURANCE COMPANY, for the full amount of the underinsured motorist benefits of $1,000,000.00.

## COUNT II
## Violation of 42 Pa. C.S. §8371 – Bad Faith

26. Plaintiff incorporates by reference the averments of paragraphs 1 through 25, supra, as fully as though the same were set forth herein at length.

27. By virtue of BRENDAN BRADLEY'S status as an insured under the WAUSAU BUSINESS INSURANCE policy, LIBERTY MUTUAL owed BRENDAN BRADLEY a duty of good faith and fair dealing.

28. By virtue of BRENDAN BRADLEY'S status as an insured under the WAUSAU BUSINESS INSURANCE policy, LIBERTY MUTUAL had an obligation to treat BRENDAN BRADLEY fairly and provide just compensation for coverage claims based upon the actual damages suffered.

29. By virtue of BRENDAN BRADLEY'S status as an insured under the WAUSAU BUSINESS INSURANCE policy, LIBERTY MUTUAL had an obligation to act with the utmost good faith toward BRENDAN BRADLEY.

30. By virtue of BRENDAN BRADLEY'S status as an insured under the WAUSAU BUSINESS INSURANCE policy, LIBERTY MUTUAL had an obligation to give the interest of BRENDAN BRADLEY the same faithful consideration that it gave to its own interest.

31. Plaintiff believes, and therefore avers, that LIBERTY MUTUAL'S conduct, as hereinbefore

alleged, constitutes bad faith and a violation of 42 Pa. C.S. §8371 for one or more of the following reasons:

(a)   LIBERTY MUTUAL violated their fiduciary obligations of good faith and fair dealing to plaintiff in the handling of plaintiff's underinsured motorist claim;

(b)   LIBERTY MUTUAL failed to accord the interest of its insured the same faithful consideration it gave to its own interest in the handling of plaintiff's underinsured motorist claim;

(c)   LIBERTY MUTUAL failed to acknowledge and act promptly upon written or oral communications received from plaintiff;

(d)   LIBERTY MUTUAL failed to initiate a prompt and thorough investigation into the merits of plaintiff's underinsured motorist claim;

(e)   LIBERTY MUTUAL did not have a reasonable basis for denying underinsured benefits and/or for failing to pay underinsured benefits to plaintiff;

(f)   LIBERTY MUTUAL knew or disregarded its lack of reasonable basis in denying underinsured motorist benefits to plaintiff and/or in failing to pay underinsured motorist benefits to plaintiff;

(g)   LIBERTY MUTUAL acted in a frivolous manner in refusing to pay underinsured motorist benefits to plaintiff;

(h) LIBERTY MUTUAL permitted plaintiff's underinsured motorist claim to languish for months without conducting and completing a prompt and thorough evaluation;

(i) LIBERTY MUTUAL refused to pay underinsured benefits to plaintiff without conducting a prompt and reasonable investigation;

(j) LIBERTY MUTUAL failed to effectuate a prompt, fair and equitable settlement of plaintiff's underinsured motorist claim after the company's liability became reasonably clear;

(k) LIBERTY MUTUAL'S failure to tender any reasonable settlement proposal left plaintiff with no other recourse but to commence litigation to recover benefits to which plaintiff was obviously entitled;

(l) LIBERTY MUTUAL delayed their investigation of plaintiff's claim, failed to promptly and adequately investigate plaintiff's claim, and as a result, failed to promptly and fairly resolve plaintiff's claim;

(m) LIBERTY MUTUAL has failed to offer a reasonable basis for its continued failure to wither resolve plaintiff's underinsured motorist claim or engage in meaningful settlement negotiations to that end; and/or

(n) LIBERTY MUTUAL has otherwise acted in a willful, malicious, wanton, reckless, outrageous, oppressive, unreasonable and/or grossly negligent manner in the evaluation, investigation and handling of plaintiff's underinsured motorist claim.

WHEREFORE, plaintiff, BRENDAN BRADLEY, respectfully requests that judgment be entered in favor of plaintiff and against defendants, LIBERTY MUTUAL INSURANCE COMPANY and WAUSAU BUSINESS INSURANCE COMPANY, for punitive damages, attorney fees, interest, court costs and such other relief as the Court deems just and proper.

---

CHRISTOPHER J. BRILL, ESQ.
Attorney for Plaintiff
I.D. No. 27535
301 South State Street
Suite N105
Newtown, PA   18940
(215) 860-2500
Signature Code:  CJB5517